Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff Crystal Smith

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Crystal Smith**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**November Bar N Grill, LLC d/b/a November Bar and Cabaret**, an Arizona company; and **Rosalinda Largent,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Crystal Smith for her Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiff's state law claims are sufficiently related to their federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Crystal Smith ("**Plaintiff**") resided in the District of Arizona.

9. Plaintiff commenced employment with Defendants on or around April 20, 2016 and was terminated on or around August 30, 2018.

10. At all relevant times, Plaintiff has been an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plainitt has been an employee of Defendants as defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

12. Defendant November Bar N Gril, LLC d/b/a November Bar and Cabaret is a company, authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(d), the Arizona Minimum Wage Statute, and Arizona Wage Statute.

13. Defendant Rosalinda Largent is an Arizona resident. She has directly caused events to take place giving rise to this action. Rosalinda Largent was at all times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

14. Under the FLSA, Defendant Rosalinda Largent is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Rosalinda Largent had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedules or the conditions of her employment, determined the rate and method of Plaintiff's payment of wages, and maintained employment records in connection with Plaintiff's employment. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Rosalinda Largent is subject to individual and personal liability under the FLSA.

15. Plaintiff is further informed, believes, and thereon alleges that the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants are sued in both individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Defendants have been engaged in interstate commerce and / or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

19. Defendant November Bar N Grill, LLC d/b/a November Bar and Cabaret is an adult entertainment club which serves food and drinks.

20. On or around April 20, 2016, Plaintiff began employment with Defendant as a dancer.

21. As a dancer, Plaintiff's primary job duties included providing entertainment for club patrons.

22. Upon employment, Plaintiff was told she was a private contractor and did not get paid an hourly wage.

23. At all relevant times, Plaintiff has been a non-exempt employee.

24. Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour.  Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the tip credit was utilized.  That is, Plaintiff was never made aware of how the tip credit allowance worked or what the amounts to be credited were.

25. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that she divide her tips amongst

other employers and employees who do not customarily and regularly receive tips. Because Defendants violated the FLSA's tip-pool and notice requirements, Defendants lose the right to take a tip credit toward minimum wage.

26. Defendants are in violation of Arizona's tipped employee compensation provision, A.R.S. § 23-363(c), which provides that "the employer may pay a wage up to $3.00 per hour less than the minimum if the employer can establish…that for each week, when adding tips received to wages paid, the employee received not less than the minimum wage for all hours worked." Defendants failed to compensate Plaintiff with wages for hours worked in violation of the Arizona Minimum Wage Statute.

27. Defendants illegally classified Plaintiff as an independent contractor. However, at all times, Plaintiff was an employee of Defendants.

28. Defendants instructed Plaintiff about when, where, and how she was to perform her work.

29. The following further demonstrates Plaintiff's status as an employee:

   a. Defendants had the sole right to hire and fire Plaintiff;

   b. Defendants required Plaintiff to complete an employee application as a prerequisite to her employment;

   c. Defendants made the decision not to pay overtime;

   d. Defendants provide Plaintiff with music equipment and a performing stage;

   e. Defendants supervised Plaintiff;

   f. Plaintiff has made no financial investment with Defendants' business;

   g. Defendants scheduled Plaintiff and as such have sole control over her opportunity for profit;

      h. Defendants suspended and or terminated Plaintiff for violations of their rules of conduct;

      i. Defendants set the prices for house fees, dances, and tip outs; and

      j. Plaintiff was hired as a permanent employee and worked for Defendants for over two years.

30. Defendants misclassified Plaintiff as an independent contractor to avoid Defendants' obligation to pay her pursuant to the FLSA, Arizona Minimum Wage Statute, and the Arizona Wage Statute.

31. Plaintiff is not exempt from the overtime and minimum wage requirements of the FLSA and Arizona Minimum Wage Statute.

32. As a result of Plaintiff receiving $0.00 per hour for all hours worked in a given workweek, an FLSA and Arizona minimum wage violation has occurred.

33. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff at the FLSA and Arizona minimum wage.

34. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all her owed overtime wages.

35. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required her to work overtime as a condition of her employment.

36. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for minimum wage and overtime hours Plaintiff worked.

37. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

38. Defendants' failure and/or refusal to compensate Plaintiff at the rates and

amounts required by the FLSA, Arizona Minimum Wage Statute, and the Arizona Wage Statute were willful.

## COUNT I
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

39. Plaintiff incorporate by reference all of the above allegations as though fully set forth herein.

40. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

41. Plaintiff is an non-exempt employee entitled to the statutorily mandated overtime wage.

42. Defendants have intentionally failed and/or refused to pay Plaintiff all overtime wages according to the provisions of the FLSA.

43. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

44. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

45. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated correct overtime wages for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

46. Defendants have not made a good faith effort to comply with the FLSA.

47. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
**(FAILURE TO PAY MINIMUM WAGE – FLSA - 29 U.S.C. § 206)**

48. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

50. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

51. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

52. As a direct result of the Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with the 29 U.S.C. § 206.

53. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

54. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

55. Defendants have not made a good faith effort to comply with the FLSA.

56. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

57. Plaintiff incorporate by reference all of the above allegations as though fully set forth herein.

58. At all relevant times, Plaintiff has been employed by Defendant within the meaning of the Arizona Minimum Wage Statute.

59. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

60. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

61. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

62. Plaintiff incorporate by reference all of the above allegations as though fully set forth herein.

63. At all relevant times, Plaintiff has been employed by Defendant within the meaning of the Arizona Wage Statute.

64. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

65. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

66. Defendants failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

67. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

  iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

  v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiffs;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g), and/or treble

damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 28, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## VERIFICATION

Plaintiff Crystal Smith declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believe them to be true.

*Crystal Smith*
Crystal Smith