J.C. Patrascioiu/acm
CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1
Tucson, AZ 85701
(520) 884-7777
Fax (520) 620-0921
jcp@curllaw.com
PCC No. 65961, State Bar No. 24836
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CRYSTAL SMITH, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>NOVEMBER BAR N GRILL, LLC d/b/a NOVEMBER BAR AND CABARET, an Arizona company; and ROSALINDA LARGENT, an Arizona resident;<br><br>Defendants. | CASE NO: CV18-490-TUC-DTF<br>4:18-cv-490<br><br><br>**MOTION FOR SUMMARY JUDGMENT**<br><br><br>Hon. D. Thomas Ferraro |

Defendants, NOVEMBER BAR AND CABARET and ROSALINDA LARGENT, by and through their attorneys, CURL, GLASSON & PATRASCIOIU, P.L.C., by J.C. Patrascioiu, pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(6) and 56 hereby file this Motion for Summary Judgment requesting that Plaintiff's claims against them, based on the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), Arizona Minimum Wage Statutes, A.R.S. §§ 23-362 – 23-364 ("AMWS"), and Arizona Wage Statutes, A.R.S. §§ 23-351 – 23-355 ("AWS"), be dismissed and attorney fees and costs incurred in the defense of those claims be awarded to them.  Defendants' request for

summary judgment is more fully set forth in the following Memorandum of Points and Authorities and the separate statement of facts filed concurrently with this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction:**

This matter arises from an alleged employment relationship. November Bar is a very small bar that is also licensed for adult entertainment. Plaintiff Crystal Smith (hereinafter "Plaintiff") is a topless or exotic dancer that performed at times at November Bar during calendar years 2016, 2017 and 2018. Plaintiff's appearance at November Bar was sporadic and she would often not appear there for months at a time.

Plaintiff's work at November Bar was as an independent contractor. Plaintiff would pay November Bar a fee to use its premises for her performances and then was free to solicit November Bar's customers, who would pay her for performances. This arrangement was clearly lucrative for Plaintiff as she kept requesting to come back to perform at November Bar. However, Plaintiff engaged in inappropriate behaviors while on November Bar's premises and, in August of 2018, was advised she was no longer welcome to perform there.

Plaintiff had no duties imposed by November Bar while she worked there. Plaintiff was not scheduled. Whether Plaintiff came to November Bar to perform on a given day was completely up to her. Further, once Plaintiff arrived at November Bar, whether she solicited customers for performances, or drank, or played pool, or just sat around idling the time by, was completely up to her. In short, her time was her own.

After being advised she was no longer welcome to perform at November Bar,

Plaintiff filed this suit, claiming she was an employee and that, therefore, November Bar owed her wages. Plaintiff's suit lack's merit and was not filed in good faith. Nonetheless, Plaintiff refuses to dismiss this suit and, instead, seeks to force Defendants to engage in expansive, invasive, irrelevant, and pointless discovery. Plainly, Plaintiff's purpose is merely to cause Defendants to incur fees and costs in defense of her claims, in order to coerce an unwarranted settlement payment. As Plaintiff cannot prevail on the merits, her Complaint should be dismissed.

**Factual Basis:**

November Bar is a bar which is also licensed for adult entertainment. SOF 1  November Bar is owned and operated by Rosalinda Largent and her daughter, Mary Sagaya. SOF 2  November Bar's annual gross receipts or sales (hereinafter "Sales") were $36,302 in 2015, $36,986 in 2016, and $24,394 in 2017. SOF 3  November Bar has no employees and has not had any employees during the relevant time period. SOF 4

Plaintiff is a topless dancer who performed occasionally at November Bar between April of 2016 and August of 2018. SOF 5  Plaintiff has never been employed by November Bar and has never performed services for November Bar. SOF 6  No one tracked when Plaintiff arrived at November Bar to work, nor when she left and, thus, there is no evidence to prove the amount of time Plaintiff spent at November Bar. SOF 7

Plaintiff now brings the instant Complaint alleging falsely and without a good faith basis that November Bar's Sales were in excess of $500,000 and that, on this basis, it is subject to the FLSA, AMWS, and AWS. SOF 8  Plaintiff offers no evidence in support of her conclusory allegation that November Bar's Sales are in excess of $500,000. SOF 9

Plaintiff claims that, pursuant to the FLSA, AMWS, and AWS, November Bar owes unpaid wages to Plaintiff. SOF 10  However, November Bar is not subject to the FLSA, AMWS, or AWS as it does not have Sales of $500,000 or more, nor any employees, and Plaintiff never provided any services to November Bar.  Accordingly, Plaintiff's Complaint should be dismissed and summary judgment should be entered in favor of Defendants.  The court should also award fees and costs to Defendants.

**Law and Analysis:**

**Standard for Dismissal under Rule 12(b)(6).**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint must contain a "short and plain statement showing that the pleader is entitled to relief." FRCP 8(a). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Rule 8 standard reflects a presumption against rejecting complaints for failure to state a claim and, therefore, motions seeking such relief are disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997).  Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A complaint has facial plausibility when the plaintiff

Curl, Glasson & Patrascioiu, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 ❖ Fax (520) 620-0921
www.curllaw.com

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citation omitted).

In addition, the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 129 S.Ct. at 1949. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. **Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement**." *Id.* at 557 (emphasis added). "A complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

In this case, Plaintiff pled that November Bar's Sales were in excess of $500,000 and that, on this basis, it is subject to the FLSA, AMWS, and AWS. SOF 8  However, Plaintiff has offered no factual basis for such a claim and, indeed, it is false.  Plaintiff clearly had no good faith basis to make this claim as, where one might credibly be mistaken that a business with Sales in excess of $400,000 actually had sales in excess of

5

1  $500,000, the same cannot be said of a business with Sales below $50,000.  Plaintiff has
2  simply asserted the kind of baseless "naked assertion" which is disapproved by our courts.
3  Accordingly, her Complaint should be dismissed pursuant to Rule 12(b)(6).

4  **Standard for Motion for Summary Judgment.**

5       Summary judgment is appropriate when, viewing the facts in the light most
6  favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255
7  (1986), "there is no genuine issue as to any material fact and… the moving party is entitled
8  to a judgment as a matter of law." FRCP 56(c).  A fact is "material" if it "might affect the
9  outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence
10 is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*,
11 477 U.S. at 248.  Thus, factual disputes that have no bearing on the outcome of a suit are
12 irrelevant to the consideration of a motion for summary judgment. *Id*.  In order to
13 withstand a motion for summary judgment, the nonmoving party must show "specific facts
14 showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,
15 324 (1986).  Moreover, a "mere scintilla of evidence" does not preclude the entry of
16 summary judgment. *Anderson*, 477 U.S. at 252.  The United States Supreme Court also
17 recognized that "[w]hen opposing parties tell two different stories, one of which is
18 blatantly contradicted by the record, so that no reasonable jury could believe it, a court
19 should not adopt that version of the facts for purposes of ruling on a motion for summary
20 judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

21 **The FLSA, AMWS and AWS do not apply.**

22      Pursuant to 29 U.S.C.S. § 203(s), a business covered by the FLSA is defined as an

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 ❖ Fax (520) 620-0921
www.curllaw.com

enterprise "whose annual gross volume of sales made or business done is not less than $500,000." AMWS governs employers but, pursuant to A.R.S. § 23-362(B), an "employer" does not include a "small business" and, pursuant to A.R.S. § 23-362(C), a "small business" means an entity that "has less than five hundred thousand dollars in gross annual revenue". Pursuant to A.R.S. § 23-362(A), an employee does not include a person employed by a parent.

Pursuant to A.R.S. § 23-350(2) and (3), an "employee" is defined as a person performing services for an employer under a contract of employment and an "employer" is defined as an entity employing any person.

In considering claims under the FLSA, although some courts previously concluded that the federal court lacks subject matter jurisdiction if an entity does not meet the $500,000 Sales threshold, the United States Supreme Court held that the plaintiff must prove the alleged employer meets this threshold as an element of her claim. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 511 (2006).

Plaintiff offers no evidence in support of her conclusory allegation that November Bar's Sales are in excess of $500,000. SOF 9  Meanwhile, Defendants' evidence demonstrating that its Sales are not over $500,000, and, indeed, are less than a tenth of the threshold necessary to be subject to the FLSA or AMWS, are unrebutted. SOF 3  Further, November Bar has no employees as the only person who assists in operating November Bar, Ms. Sagaya, is the daughter of Ms. Largent. SOF 2 and 4  Accordingly, the FLSA and AMWS do not apply, and Plaintiff cannot prevail as a matter of law. Accordingly, summary judgment should be entered against her and in favor of Defendants.

Plaintiff also did not provide any services to November Bar. SOF 6 Rather, Plaintiff was permitted to use November Bar's premises to provide services to November Bar's customers. Plaintiff had no duties imposed by November Bar while she performed there. Whether Plaintiff came to November Bar to perform or, once Plaintiff arrived at November Bar, what she did with her time, was completely up to her. Accordingly, Plaintiff was not providing services to November Bar and AWS do not apply.

**The Court should Award Fees and Costs to Defendants.**

Pursuant to A.R.S. § 12-341, the court must award costs to the successful party in a civil action. Pursuant to A.R.S. § 12-341.01, the court may award reasonable attorney fees to the successful party in any action arising out of contract.

In this case, Plaintiff's Complaint arises out of contract. Although Defendants contest that Plaintiff was ever November Bar's employee, and, indeed, there is no evidence to support such a claim, this does not change the fact that Plaintiff's claims arise out of her claim that there was an employment contract. Accordingly, the court may award reasonable attorney fees to the prevailing party. Here, although Plaintiff was advised her claims lacked merit and was provided an opportunity to dismiss her claims, Plaintiff has opted to pursue these meritless claims. In fact, Plaintiff has purposefully pursued these claims, knowing they lacked a legal or factual basis, for the improper purpose of increasing the fees and costs of litigation, to force Defendants to make an unsupported settlement offer. As Plaintiff cannot prevail on her claims, the court should dismiss her Complaint, enter judgment in favor of Defendants, grant leave to Defendants to submit an affidavit demonstrating their reasonable attorney fees and costs, and award to Defendants their fees

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 ❖ Fax (520) 620-0921
www.curllaw.com

and costs.

**Conclusion:**

Based upon the undisputed material facts, Plaintiff's claim fails as a matter of law. November Bar is not subject to FLSA, AMWS, or AWS. Accordingly, her Complaint should be dismissed and summary judgment should be entered in favor of Defendants.

DATED: 12/6/2018

                      CURL, GLASSON & PATRASCIOIU, P.L.C.

                      By: /s/  J.C. Patrascioiu
                          J.C. Patrascioiu
                          *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

                    Jason Barrat
                ZOLDAN LAW GROUP, PLLC
        14500 N. Northsight Blvd., Ste. 133
                Scottsdale, AZ 85260
                  *Attorney for Plaintiff*

/s/  ACM

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 ❖ Fax (520) 620-0921
www.curllaw.com